IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                        Plaintiff,<br><br>v.<br><br>SMITH & DEW, INC.,<br>WILLIAM L. SMITH, and<br>WESLEY A. DEW,<br>                        Defendants. | Civil Action No: 7:16cv00334 |

## **COMPLAINT**

Comes now, the United States of America, on behalf of the United States Department of Agriculture, Forest Service, acting by and through John P. Fishwick, Jr., United States Attorney for the Western District of Virginia, and alleges as follows:

INTRODUCTION

This is a civil action resulting from the Defendants' unlawful interference with the United States' express easement. The Defendants have blocked the United States' easement with a locked gate and are, therefore, unlawfully interfering with the United States' use and enjoyment of its easement. The United States seeks the immediate removal of the Defendants' gate and a permanent injunction barring the Defendants from interfering with the United States' future use.

JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1345 (United States as Plaintiff).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the real property at issue is situated in Alleghany County, Virginia and within the Western District of Virginia.

1

## PARTIES

3. The Plaintiff is the United States of America, acting by and through the United States Department of Agriculture, Forest Service ("Forest Service").

4. The Plaintiff is the federal sovereign and holds legal title to the National Forest System ("NFS") lands, known as the George Washington and Jefferson National Forests, which comprise the dominant estate (hereafter the "Dominant Estate"). The Plaintiff owns the express easement which it acquired for access to, and for the benefit of, the Dominant Estate.

5. The Forest Service is charged by Federal statute contained at 16 U.S.C. § 551 to protect and regulate the use of National Forest System lands.

6. The Defendants, Smith & Dew, Inc. (hereafter "Smith & Dew"), William L. Smith, and Wesley A. Dew, as principals and acting jointly, have constructed or caused to be constructed a locked gate over an express and unrestricted easement obtained by the United States, and refused to remove the hindrance. The Defendants own the subservient estate, which consists of property adjacent to the Easement. The gate prevents public access to, *inter alia,* certain portions of the Dominant Estate.

7. Defendants Smith and Dew are believed to be principals or officers of Smith & Dew.

## STATUTORY AND REGULATORY PROVISIONS

8. The National Forest System includes all national forest lands acquired through purchase, exchange, donation, or other means. 36 C.F.R. § 261.2. A forest road is a road wholly or partly within or adjacent to and serving the National Forest System that the Forest Service determines is necessary for the protection, administration, and utilization of the National Forest System and the use and development of its resources. *Id*. A National Forest System road is a forest road. *Id*. The National Forest System and its roads are open to the public.

9. The Secretary of Agriculture has issued regulations for the use of National Forest System lands including National Forest System roads. For example, "blocking, restricting, or otherwise interfering with the use of a road" are prohibited. 36 C.F.R. § 261.12(d). Also prohibited are "constructing, placing or maintaining any kind of . . . structure, fence . . . significant surface disturbance, or other improvement on National Forest System lands or facilities without a special-use authorization, contract, or approved operating plan when such authorization is required." 36 C.F.R. § 261.10(a).

## FACTUAL SUMMARY

10. On September 19, 1969, the Plaintiff entered into an agreement, the Easement Deed, with A.A. McAllister and Sons' Company, Inc., a Virginia corporation (hereafter "A.A. McAllister"), and obtained an easement over a parcel of land in Alleghany County (the "Easement"). A detailed description of the Easement is contained within the Easement Deed which was recorded in the Clerk's Office of the Circuit Court of Alleghany County, Virginia, in Deed Book 191 at Page 184. A copy of the Easement Deed is attached hereto as Exhibit A.

11. The Easement Deed referenced Skyline Road Project Number 339 which is presently known as FSR 339 or Dry Run Road.

12. The Easement Deed provides for an easement and right-of-way for highway purposes. The Easement Deed is unrestricted. The Easement Deed does not limit its use to only Forest Service employees or otherwise contain any language that prohibits, limits or otherwise restricts the public from utilizing FSR 339.

13. FSR 339 is approximately one and one-half miles (1.42 miles) in length and 60 feet wide.

14. The United States acquired the Easement as a permanent easement allowing the Forest Service and the public access across FSR 339 to the Dominant Estate.

15. From 1969 to the present, the Forest Service has used FSR 339 for many uses, including but, not limited to, access to the Dominant Estate. The public continued to use FSR 339 to access the Dominant Estate from 1969 until 2013, when the Defendants blocked public access by installing a gate across the Easement.

16. On December 19, 2003, AMP, LLC, a West Virginia Limited Liability Company (hereafter "AMP") conveyed a portion of the land encumbered by the Easement to Defendant Smith. A copy of that deed is attached hereto as Exhibit B. This conveyance was made subject to "all covenants, conditions, easements, reservations and restrictions of record and/or existing on the property." The Easement Deed was specifically referenced.

17. On October 26, 2004, A.A. McAllister conveyed a portion of the land encumbered by the Easement and known as "Tract Number Five (5)" to Smith & Dew. A copy of that deed is attached hereto as Exhibit C. This conveyance was made subject to "all covenants, conditions, agreements, easements and restrictions of record." The Easement Deed was specifically referenced.

18. October 17, 2005, MDB Enterprises, LLC, a West Virginia Limited Liability Company (hereafter "MDB Enterprises") conveyed a portion of land encumbered by the Easement to Smith & Dew. A copy of that deed is attached hereto as Exhibit D. This conveyance was made subject to the "easement and rights granted to the United States" in the Easement Deed. The Easement Deed was specifically referenced.

19. The Defendants currently own the fee title interest to property encumbered by the Easement.

20. The Defendants have owned the subservient estate since at least October 2005. Between October 2005 and September 2013, the Defendants did not prevent the public from accessing the Dominant Estate by erecting a gate or through any other method.

21. In October of 2013, the Defendants erected or caused to be erected a gate which is kept locked. Sometime thereafter, the Defendants delivered a key to their gate to the Forest Service. The Defendants affixed signage to the gate stating "Road Closed" and "Pedestrian Traffic Only." Photography of the Defendants' gate taken in April 2014 is attached hereto as Exhibit E. The gate obstructs the public's access over FSR 339, thereby preventing the public from accessing the Dominant Estate.

22. The Forest Service has not authorized FSR 339 to be closed or restricted in use. The Forest Service did not authorize the Defendants to erect a gate.

23. On November 4, 2013, the Forest Service issued a letter to the Defendants stating that the gate was unauthorized and demanded that it be removed. A copy of that letter is attached hereto as Exhibit F.

24. The Forest Service hand-delivered the letter to Wesley A. Dew. Mr. Dew verbally refused to remove the gate.

25. To date, the Defendants have refused to allow the public access to FSR 339 and continue to require Forest Service personnel to use a key to obtain access.

COUNT I – QUIET TITLE

26. The United States incorporates herein all previous allegations of this Complaint by reference.

27. The United States has title to and is the record owner of the Easement and the Dominant Estate.

28. The United States' title to the Easement is superior to all others and allows the United States and its citizens unfettered reasonable use and access across FSR 339 to travel to and from the Dominant Estate.

29. The claims, if any, by the Defendants which are adverse to the interests of the United States in the Easement and adverse to the interests of the people of the United States to access NFS property, are without foundation or right.

## COUNT II – EJECTMENT

30. The United States incorporates herein all previous allegations of this Complaint by reference.

31. The Defendants continued blocking of FSR 339 by placing and maintaining a locked gate on the road is without proper authorization and prohibited by federal and state law.

32. The United States is entitled to an order requiring the Defendants to remove their unauthorized locked gate.

## COUNT III – INJUNCTIVE RELIEF

33. The United States incorporates herein all previous allegations of this Complaint by reference.

34. The Defendants have defied the authority of the United States to administer and protect public access to NFS property and refused to comply with the United States' lawful requests that they remove the locked gate.

35. The United States has no adequate remedy at law which will prevent the continuous and persistent unlawful conduct of the Defendants, and which will prevent the Defendants' continued obstruction of passage by the public over FSR 339. Harm to the public's right to use NFS property will continue to occur unless this Court permanently enjoins the Defendants from

preventing, limiting, restricting or otherwise infringing upon the Plaintiff's authority to allow and control the public's reasonable use of FSR 339 to access the Dominant Estate.

WHEREFORE, the United States respectfully requests judgment against the Defendants as follows:

a. For declaratory relief declaring that the Defendants have no right to block access, either by the Forest Service or the public, to FSR 339 pursuant to the Easement Deed.

b. For damages attributable to the Defendants' unauthorized use of FSR 339.

c. For injunctive relief prohibiting the Defendants from placing or allowing any gate over FSR 339 restricting the Forest Service's or public's right of access to national forest property.

d. For such further relief as the Court deems just and proper.

Respectfully submitted,

JOHN P. FISHWICK, JR.
United States Attorney

Dated: July 14, 2016

*/s/ Joseph W. H. Mott*
Joseph W. H. Mott
Assistant United States Attorney
Virginia Bar No. 21852
P. O. Box 1709
Roanoke, VA 24008
Telephone: (540) 857-2250
Facsimile: (540) 857-2614
Email: joseph.mott@usdoj.gov